## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE JOSEPH CLARK** | **CIVIL ACTION** |
| **VERSUS** | **NO.    13-5444** |
| **ASSUMPTION PARISH DETENTION CENTER, ET. AL** | **SECTION "B" (4)** |

### REPORT AND RECOMMENDATION

Before the Court is Defendant, Royal Brown's ("Brown") **Motion to Dismiss (R. Doc. 18)**
Plaintiff, Eugene Joseph Clark's ("Clark") claims with prejudice, pursuant to Fed. R. Civ. P.
12(b)(1) and (12)(b)(6), for failure to state a claim upon which relief can be granted, or in the
alternative, for lack of subject matter jurisdiction. *Id.* Specifically, Brown seeks dismissal of Clark's
claims on the grounds that he has alleged a tort claim which is not cognizable under 42 U.S.C. §
1983. Upon review of the entire record, the Court has determined that this matter can be disposed
of without conducting an Evidentiary Hearing.

### I.    Factual and Procedural Background

Plaintiff, Eugene Joseph Clark ("Clark") is incarcerated in LaSalle Correctional Center.[1]
Clark filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Royal
Brown, a police jury driver for Assumption Parish, ("Brown") and Assumption Parish Detention
Center ("APDC").

---

[1] *See* Rec. Doc. No. 1. Although Clark's complaint provides that he is in Catahoula Correctional Center, the
docket sheet indicates that he is located in Olla, Louisiana, at the LaSalle Correctional Center.

On or about September 15, 2012, Clark alleges that he and other inmates were being transported as passengers in a truck being driven by Brown, for the Assumption Parish Police Jury, when it was rear-ended.[2] As a result of the collision, Clark was allegedly injured and transported to the hospital.  According to the complaint, Clark was diagnosed with neck and back injuries. As a result, he seeks to be compensated for his pain and suffering, as well as for reimbursement of the medical expenses that he incurred following the accident.

II.    **Standard of Review**

A.    **Frivolousness**

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c)(1) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or otherwise fail to state a claim for which relief can be granted. The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v.*

---

[2]*See* Rec. Doc. No. 1, p. 4.

*Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.   Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

B.    <u>**Rule 12(b)(1) & 12(b)(6)**</u>

Pursuant to Fed. R. Civ. P. 12(b)(1), the court may dismiss a complaint on motion of the defendant if the court lacks jurisdiction over the subject matter. *See* Fed. R. Civ. P. 12(b)(1).   Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court may dismiss a complaint for failure to state a claim upon which any relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). The same standard is applied for a motion to dismiss brought under either Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim for which relief can be granted. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Therefore, the Court shall categorize them together.

In considering a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded facts in plaintiff's complaint, and must draw all reasonable inferences and resolve ambiguities from those allegations, in the plaintiff's favor.   *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993). To survive a Rule 12(b) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review).   "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic*, 550 U.S. at 555-56 (quotation marks, citations, and footnote omitted).   Plausible grounds

"simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Id.* at 556. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, if a plaintiff has not "nudged her  claims across the line from conceivable to plausible, her complaint must be dismissed." *Id.*

In resolving a Rule 12(b) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint.  However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *See e.g., Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir.2006) (citing *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir.1995)); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.), *cert. denied*, 513 U.S. 868 (1994); *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir. 1990).  "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F. 3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

Further, the Fifth Circuit has held that when reviewing *pro se* complaints, the court must employ less stringent standards, look beyond the inmate's formal complaint, and consider material subsequently filed as amendments to that complaint. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *see also Haines v. Kerner*, 404 U.S. 519 (1972).  In *Taylor v. Gibson*, the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated.  An

> opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.

*Taylor v. Gibson*, 529 F.2d 709, 713-14 (5th Cir.1976); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). While conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b) motion to dismiss, such motions are viewed with disfavor and are rarely granted. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); citing *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982).

**III.    Analysis**

**A.    Clark's Negligence Claim**

Clark names Brown as a defendant in this matter, because he seeks to recover monetary damages as a result of the personal injuries he sustained when Brown, the driver of the Assumption Parish Police Jury's truck was rear-ended.

In opposition, Brown contends that Clark's claim should be dismissed, as it fails to state a claim upon which relief can be granted, pursuant to Title 42 U.S.C. §1983.

Clark's allegations fail to state a cognizable federal §1983 claim as a matter of law. Under these circumstances, Clark, at best, asserts a state tort law negligence claim, but not a claim of civil rights violations cognizable under §1983. *See Preston v. Normand,* No. 10-1667, 2010 WL 5375966, at *5 (E.D. La. Nov. 17, 2010) *report and recommendation adopted,* No. 10-1667, 2010 WL 5376345 (E.D. La. Dec. 14, 2010). As such, claims arising from allegedly negligent acts do not give rise to relief under §1983. *Id.*

The Supreme Court has held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property." *Daniels v.*

*Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). In a number of contexts, other courts have determined that allegations amounting to negligence cannot support a §1983 claim. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993) (negligent medical care); *Hare v. City of Corinth*, 74 F.3d 633, 641-42, 646 (5th Cir.1996) (negligence insufficient to support failure to protect claim under §1983); *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir.1996) (negligence cannot support §1983 action for deprivation of religious rights or for an Eighth Amendment claim based upon prison officials' alleged gross negligence in permitting a gas leak to occur); *Doe v. Taylor Indep. Sch. Dist.*, 975 F.2d 137, 142 (5th Cir.1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir.1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.").

Prison officials therefore cannot be liable under §1983 for the alleged personal injuries Clark sustained as a result of the rear-end collision. This claim should be dismissed as legally frivolous and for failing to state a claim for which relief under §1983 may be granted.

**B**.    **Assumption Parish Detention Center**[3]

Clark also named the Assumption Parish Detention Center ("APDC") as a defendant in this action. However, Clark fails to set forth any allegations against them. Presumably, Clark seeks to hold the APDC responsible for the alleged personal injuries he sustained.

Section § 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of state law." *See* Title 42 U.S.C.§ 1983; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). In accordance with Rule 17(b) of the Federal Rules of Civil Procedure,

[3]Although the Defendant did not raise the Assumption Parish Detention Center in its Motion to Dismiss (R. Doc. 18), this Court raises the claims Plaintiff has filed against it in its frivolous review.

Louisiana law governs whether these defendants can be sued.[4] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as an "entity to which the law attributes personality, such as a corporation or partnership." *See* La. Civ. Code Ann. art. 24.

Thus, under federal law, a county (or parish) prison facility is not a "person" within the meaning of Rule 17. *Cullen v. DuPage County*, No. 99C1296, 1999 WL 1212570, at *1 (N.D.Ill.Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97CIV0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D.Ill.1993). A parish jail is, as this Court has previously described, "not an entity, but a building." *See Jeffries v. St. Bernard Parish Sheriff's Dep't*, No.12-1063, 2013 WL 6044365 at *4 (E.D. La. Nov. 13, 2013); citing *Jones v. St. Tammany Parish Jail*, 4 F. Supp.2d 606, 613 (E.D.La.1998) (dismissing St. Tammany Parish Jail with prejudice); *Dale v. Bridges*, No. 96–3088, 1997 WL 810033, at *1 n. 1 (N.D.Tex. Dec. 22, 1997) (county jail is not a jural entity capable of being sued), aff'd, 154 F.3d 416, 1998 WL 526620 (5th Cir. July 21, 1998).

Thus, the APDC is not a proper party-defendant in this case. As such, Clark's claims against the Assumption Parish Detention Center should be dismissed with prejudice as frivolous and for failure to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e. *See Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 613 (E.D.La.1998) (dismissing with prejudice the St. Tammany Parish Jail as an improper defendant).

---

[4]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed. R. Civ. P. 17(b).

IV.     **Recommendation**

**IT IS RECOMMENDED** that Defendant, Royal Brown's ("Brown") **Motion to Dismiss (R. Doc. 18)** be **GRANTED** and that Plaintiff, Eugene Joseph Clark's ("Clark") claims against Defendant Brown be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 42 U.S.C. § 1983.

**IT IS FURTHER RECOMMENDED** that Plaintiff, Eugene Joseph Clark's claims against Defendant, Assumption Parish Detention Center, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 42 U.S.C. § 1983.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 30th day of January, 2014.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.